Simonton, District Judge,
(dissenting.) I am unable to concur in the conclusion reached by the court. The question is, do the words of the concluding proviso of paragraph 104 relate back to and control the terms of paragraph 103? The words “preceding paragraph” in that proviso mean paragraph 103. This paragraph 103 distinctly states the duty to be paid on certain descriptions of glassware when they are imported empty. If intended to hold more than a pint, 1 cent per pound; if a pint, or not less than a quarter of a pint, 1½ cents per pound; smaller vessels 50 cents per gross. This is definite, easily computed, has the element of certainty, and seems to be complete and final. So much for empty vessels. The next succeeding paragraph deals with the same class of glassware if brought in filled, and fixes the duty to be paid on it in that condition. The rule prescribed for fixing the duty in paragraph 103 is abandoned, and a new method is adopted. If the contents of such vessels are subject to an ad valorem duty, or to a rate of duty based upon value, the vessels pay the same rate of duty as their contents. If the contents are not subject to an ad valorem duty, or to a duty based upon value, then the filled vessels pay, in addition to the duty on their contents, the rates prescribed in paragraph 103; in no case, however, less than 40 per cent, ad valorem. Perhaps 103 is referred to in this connection in order to show the kinds of glassware upon which 104 fixes the duty if they are brought in filled. Paragraph 103 deals exclusively with and settles the duty to be paid on glass vessels described in that paragraph when they are brought in empty. Paragraph 104 deals with the same class of glass vessels, but only when they come in filled. Any other construction would radically change paragraph 103, and would substitute for its plain provisions, easily understood and applied, another mode of ascertaining duty on empty glass vessels, fluctuating and uncertain.
I am of the opinion, therefore, that the proviso at the end of paragraph 104 qualifies the terms of that paragraph only, and that it does not relate back to or affect paragraph 103, and that the circuit decree should be affirmed.